UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRATEGY AND EXECUTION, INC.,

        Plaintiff,

v.

OODLES OF DOODLES INC.,

        Defendant.

Case No. 2:24-cv-11918
Hon. Matthew F. Leitman

---

## PROTECTIVE ORDER

---

The following protective order shall govern discovery, including post-judgment discovery for purposes of collection, in this case:

1. **Confidential Information.** Confidential information is information that is normally kept secret and that derives independent value from being kept secret. Examples of confidential information include social security numbers, medical information, trade secrets, and other confidential research, development, or commercial information.

2. **Designation.** When designating information as confidential, the parties or persons or entities responding to discovery requests or subpoenas must make every effort to limit claims of confidentiality to specific citations—such as

sentences, paragraphs, or pages—rather than entire documents or large page ranges.

a. To designate documentary information—such as paper or electronic documents but excluding deposition transcripts—as containing confidential information, the producing party must conspicuously mark each page that contains confidential information with the word "CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

b. To designate an interrogatory answer as confidential, the answering party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain confidential information.

c. To designate all other information or items as confidential, the designating party must conspicuously affix the word "CONFIDENTIAL" to the portion or portions of the information or items that warrants protection under this Order.

If corrected timely, a party's or third-party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for such material.

3. **Disputes.**  The designating party has the burden to show designated information is confidential, but the receiving party must treat as confidential all designated information until the designating party removes its designation or the Court rules that the information is not confidential. If the parties cannot agree on a designation or otherwise have a dispute arising under this Order, the parties must follow the procedures for resolution of a discovery dispute provided in the case management order.

4. **Dissemination.**  Confidential Information shall be used only for the purpose of this litigation and post-judgment collection proceedings.  Confidential information may not be given, shown, made available, or communicated to anyone except the following:

   a.  the Court and its staff;

   b.  the parties in this case, including a party's officers, directors, partners, managers, members, employees, and independent contractors;

   c.  counsel of record for any party in this case, including other attorneys and support personnel in counsels' law firms and third parties engaged for litigation or post-judgment collection support;

   d.  experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

e. witnesses who may give deposition or trial testimony in this case and to whom disclosure is reasonably necessary;

f. court reporters, videographers, and other support staff engaged for depositions;

g. the original author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. any other person for whom the designating party provides prior, written consent; and

i. any other person as this Court may order.

When giving confidential information to anyone, other than the Court or its staff, the disclosing party must provide the recipient with a copy of this Order and obtain a signed copy of the attached Acknowledgment form from the recipient.

5. **Filing under Seal.** This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each

item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

6. **Duration.** After the final resolution of this case—including any appeals—the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

7. **Return or Destruction of Information.** Within 60 days of the final resolution of this case, or a satisfaction of judgment is filed (whichever occurs latest) — including any appeals—the receiving party must return or destroy and, if applicable, permanently delete from all databases all information designated as confidential. However, counsel of record may retain a copy of any confidential information that has been filed with the Court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRATEGY AND EXECUTION, INC.,   Case No. 2:24-cv-11918-MFL-KGA
a Michigan corporation,          Hon. Matthew F. Leitman

      Plaintiff,

v.

OODLES OF DOODLES INC.,
a Delaware corporation,

      Defendant.

### <u>PROTECTIVE ORDER ACKNOWLEDGEMENT</u>

I have received information designated as confidential and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

I agree not to disclose any information designated as confidential to anyone other than those people to whom disclosure is allowed by the Protective Order. I agree to return or destroy and, if applicable, permanently delete from all databases all information designated as confidential upon the conclusion of my role in this case or 60 days after the final resolution of the case, whichever comes first.

I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order. I understand that

violating the terms of the Protective Order could expose me to penalties and other punishment for contempt of court.

_____          _____          _____
Printed Name                                    Signature                                        Date

7